IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                          Civil No. 19-1187

CHRISTOPHER BOYTER as Heir and Administrator of the estate of Margaret Colleen Siverly; LARRY BOYTER; DANA LANCASTER; STATE OF KANSAS; and The Unknown Heirs, Executors, Administrators, Devisees, Trustees, Legatees, Creditors, and Assignees of such deceased borrowers, Margaret Colleen Siverly and Chester Russell Siverly; and Defendants the Unknown Spouses of the Deceased Borrowers and other Defendants; the Unknown Stockholders, Officers, Successors, Trustees, Creditors and Assignees of such Defendants as are existing, dissolved or dormant corporations; the Unknown Executors, Administrators, Devisees, Trustees, Creditors, Successors and Assignees of such Defendants as are or were partners or in partnership; and the Unknown Guardians, Conservators and Trustees of such of the Defendants as are minors or are in any way under legal disability; and the Unknown Heirs, Executors, Administrators, Devisees, Legatees, Trustees, Creditors and Assignees of any Person alleged to be deceased and made Defendants as such,

        Defendants.

## COMPLAINT

COMES NOW the United States of America, by Stephen R. McAllister, United States Attorney for the District of Kansas, and Emily B. Metzger, Assistant United States Attorney, and for its cause of action alleges:

1. This is a civil action for foreclosure of a Mortgage brought by the United States of America under the provisions of 28 U.S.C. § 1345.

2. Service may be made upon the Defendants in the following manner:

   a. Christopher Boyter may be served by delivering the Summons and a copy of the Complaint to him at 6345 Elkhorn Manor Drive, Rio Linda, California 95673. This Defendant may be considered within the jurisdiction of the Court pursuant to the long-arm statute, K.S.A. § 60-308(b).

   b. Larry Boyter may be served by delivering the Summons and a copy of the Complaint to him at 1605 Notley Drive, Virginia Beach, Virginia 23456. This Defendant may be considered within the jurisdiction of the Court pursuant to the long-arm statute, K.S.A. § 60-308(b).

   c. Dana Lancaster may be served by delivering the Summons and a copy of the Complaint to her at 3014 Forest Street, Great Bend, Kansas 67530, within the jurisdiction of this Court.

   d. Defendant State of Kansas may be served, pursuant to K.S.A. 60-304(d)(5), by delivering the Summons and a copy of the Complaint to Derek Schmidt, Attorney General, 120 S.W. 10th Ave., Memorial Hall, 2nd Floor, Topeka, Kansas 66612.

   e. Upon the Unknown Heirs, Executors, Administrators, Devisees, Trustees, Legatees, Creditors, and Assignees of such deceased borrowers Margaret Colleen Siverly and Chester Russell Siverly, and Defendants the Unknown Spouses of the deceased borrowers and other Defendants; the Unknown

Stockholders, Officers, Successors, Trustees, Creditors and Assignees of such Defendants as are existing, dissolved or dormant corporations; the Unknown Executors, Administrators, Devisees, Trustees, Creditors, Successors and Assignees of such Defendants as are or were partners or in partnership; and the Unknown Guardians, Conservators and Trustees of such of the Defendants as are minors or are in any way under legal disability; and the Unknown Heirs, Executors, Administrators, Devisees, Legatees, Trustees, Creditors and Assignees of any Person alleged to be deceased and made Defendants as such, by publication, since the addresses of these Defendants is unknown.

3. Deceased borrowers Margaret Colleen Siverly and Chester Russell Siverly, husband and wife, executed and delivered to Plaintiff, acting through the Rural Housing Service, United States Department of Agriculture, a promissory note on January 10, 1991, in which they promised to pay Plaintiff the principal amount of $29,000.00, together with interest thereon at the rate of 9.0000 percent (9.0000%) per annum on the unpaid balance. As consideration for this note, Plaintiff made a Rural Housing loan to Margaret Colleen Siverly and Chester Russell Siverly, husband and wife, pursuant to the provisions of Title V of the Housing Act of 1949 (42 U.S.C. § 1471, et seq.). A true and correct copy of the Promissory Note is attached as Exhibit A.

4. To secure the payment of the indebtedness, deceased borrowers Margaret Colleen Siverly and Chester Russell Siverly, husband and wife, did, on January 10, 1991, as joint tenants with full rights of survivorship, execute and deliver a purchase-money security interest in the

form of a real estate mortgage upon certain real estate located in Neosho County, Kansas, within the jurisdiction of this Court, described as follows:

> The South 32.5 feet of Lot Six (6), all of Lot Seven (7), Block Eight (8), Commercial Club Addition to the City of Chanute, Neosho County, Kansas.

This real estate mortgage was filed for record on January 11, 1991, in the office of the Register of Deeds of Neosho County, Kansas, in Book 232 at Pages 743-746.  A true and correct copy of the Mortgage is attached as Exhibit B.

5. Plaintiff is the owner and holder of the liability and security documents as set out above, attached as Exhibits A and B.

6. Borrower Chester Russell Siverly died on December 28, 2005, at which time title to the real property vested solely in Margaret Colleen Siverly as the joint tenant with rights of survivorship.

7. Borrower Margaret Colleen Siverly died intestate on January 17, 2017.  A proceeding *In the Matter of the Estate of Margaret Colleen Siverly, Deceased*, was filed in the Probate Division of the District Court of Neosho County, Kansas, in Case No. 17PR57 and is presently pending.

8. Installments of principal and interest due Plaintiff have not been paid when due in violation of the provisions of the liability and security documents set out above.  Plaintiff elected to exercise its option to declare the entire unpaid principal balance plus interest to be immediately due and payable and has made demand for these amounts.  No payment has been received.

9. The amount due on the promissory note and mortgage is principal in the amount of $14,959.56 (including unpaid principal of $11,833.41, escrow replenish of $1,646.15, agency

title report fees of $150.00, and caretaker fees of $1,330.00) as of May 31, 2019; plus interest in the amount of $2,250.75 (including interest on principal of $2,010.38 and interest on advances of $240.37) accrued to May 31, 2019; plus interest accruing thereafter at the daily rate of $3.6888 (including daily interest on principal of $2.9178 and daily interest on advances of $0.7710) to the date of judgment; plus administrative costs of $55.00 (including lis pendens filing fee of $5.00 and a title report fee of $50.00) pursuant to the promissory note and mortgage; plus filing fees in the amount of $400.00 allowed pursuant to 28 U.S.C. § 2412(a)(2); plus interest thereafter at the rate set forth in 28 U.S.C. § 1961; plus court costs and the costs of this action presently and in the future incurred.

10. No other action has been brought for recovery of these sums and no payment has been received.

11. Plaintiff has completed all loan servicing requirements of Title V of the Housing Act of 1949 (42 U.S.C. § 1471, et seq.) and all rules and regulations issued pursuant thereto.

12. The following Defendants may claim an interest in the real estate that is the subject of this action:

    a. Defendant Christopher Boyter may claim an interest as an heir at law of deceased borrower Margaret Colleen Siverly and as Administrator of the Estate of deceased borrower Margaret Colleen Siverly, Deceased.

    b. Defendant Larry Boyter may claim an interest as an heir at law of deceased borrower Margaret Colleen Siverly.

    c. Defendant Dana Lancaster may claim an interest as an heir at law of deceased borrower Margaret Colleen Siverly.

        d.      Defendant State of Kansas may claim an interest pursuant to a Medical Assistance Lien filed against the property of deceased borrower Margaret Colleen Siverly in the Office of the Register of Deeds of Neosho County in Book 515 at Page 36, on May 19, 2017.

        e.      Defendants The Unknown Heirs, Executors, Administrators, Devisees, Trustees, Legatees, Creditors, and Assignees of such deceased borrowers Margaret Colleen Siverly and Chester Russell Siverly; and Defendants the Unknown Spouses of the deceased borrowers and other Defendants; the Unknown Stockholders, Officers, Successors, Trustees, Creditors and Assignees of such Defendants as are existing, dissolved or dormant corporations; the Unknown Executors, Administrators, Devisees, Trustees, Creditors, Successors and Assignees of such Defendants as are or were partners or in partnership; and the Unknown Guardians, Conservators and Trustees of such of the Defendants as are minors or are in any way under legal disability; and the Unknown Heirs, Executors, Administrators, Devisees, Legatees, Trustees, Creditors and Assignees of any Person alleged to be deceased and made Defendants as such.

13.      The indebtedness due Plaintiff is a first and prior lien on the property described above.

14.      The interests of Defendants are junior and inferior to the interests of Plaintiff United States of America.

15.      By execution of the mortgage, Defendant agreed that the Lender United States, acting through the Rural Housing Service, would not be bound by any present or future State

laws allowing for any right of redemption or possession of the real estate following any foreclosure sale. Exhibit B, paragraph 19. Therefore, Defendant waived all rights of redemption and there is no right of redemption for any party, including lien creditors.

16. The security real estate is abandoned.

Plaintiff demands an *in rem* judgment of foreclosure in the principal amount of $14,959.56 (including unpaid principal of $11,833.41, escrow replenish of $1,646.15, agency title report fees of $150.00, and caretaker fees of $1,330.00) as of May 31, 2019; plus interest in the amount of $2,250.75 (including interest on principal of $2,010.38 and interest on advances of $240.37) accrued to May 31, 2019; plus interest accruing thereafter at the daily rate of $3.6888 (including daily interest on principal of $2.9178 and daily interest on advances of $0.7710) to the date of judgment; plus administrative costs of $155.00 (including lis pendens filing fee of $5.00 and a title report fee of $150.00) pursuant to the promissory note and mortgage; plus filing fees in the amount of $400.00 allowed pursuant to 28 U.S.C. § 2412(a)(2); plus interest thereafter at the rate set forth in 28 U.S.C. § 1961; plus court costs and the costs of this action presently and in the future incurred.

Plaintiff also demands foreclosure of all Defendants' interests in the subject real estate.

Plaintiff further demands that its Mortgage be declared a first and prior lien on the real estate described herein and that such advances as the Plaintiff may be authorized and required to pay for insurance premiums, real estate taxes, title fees, or other costs necessary to protect the security during the pendency of this proceeding be allowed as a first and prior lien on the security.

Plaintiff further demands that the United States of America be granted judgment *in rem* foreclosing its mortgage on the subject real property and the interests of all Defendants in the subject real property.

Plaintiff further demands that the judgment granted the United States of America in the Order and Judgment be the final judgment of this Court.

Plaintiff further demands that all legal right, title and interest that the Defendants have in the real estate be foreclosed, and the real estate be sold at public sale to the highest bidder, in accordance with 28 U.S.C. §§ 2001-2003, inclusive, with no right of redemption in any party, and that the sale be subject to any unpaid real estate taxes, special assessments and easements of record.

Plaintiff further demands that it may bid up to the full amount due it at the time of the sale without paying funds into the Court, which bid shall satisfy the requirement for a cash sale, and that the sale proceeds be applied in the following order:

    (1)    Filing fees in the amount of $400.00 allowed pursuant to 28 U.S.C. § 2412(a)(2);

    (2)    The costs of this action and the foreclosure sale;

    (3)    The interest accruing on Plaintiff's *in rem* judgment of foreclosure;

    (4)    Plaintiff's *in rem* judgment of foreclosure; and,

    (5)    Any remaining balance should be held by the Clerk of the District Court to await the Court's further order.

Plaintiff further demands that all right, title, and interest in and to the real estate of the Defendants, and of all persons claiming by, through or under them be decreed to be junior and inferior to the Plaintiff's Mortgage and be absolutely barred and foreclosed.

Plaintiff further prays that, if the grantee named in the United States Marshal's Deed, or the grantee's assigns, are denied possession of the real property, a Writ of Assistance issue out of this Court to the United States Marshal for the District of Kansas, upon application of the grantee or assigns, ordering and directing the United States Marshal to place the grantee or assigns, in full, complete, and peaceful possession of the real property.

Respectfully submitted,

STEPHEN R. McALLISTER
United States Attorney
District of Kansas

s/ Emily B. Metzger
EMILY B. METZGER
Assistant United States Attorney
Ks. S.Ct. No. 10750
1200 Epic Center
301 N. Main
Wichita, Kansas 67202
PH: (316) 269-6481
FX: (316) 269-6484
Email: emily.metzger@usdoj.gov
Attorneys for the Plaintiff

REQUEST FOR PLACE OF TRIAL

The United States of America hereby requests that trial of the above-entitled matter be held in the City of Wichita, Kansas.

s/ Emily B. Metzger
EMILY B. METZGER
Assistant United States Attorney

| USDA-FmHA<br>Form FmHA 1940-16<br>(Rev. 8/87) | PROMISSORY NOTE | JAN 11 1991 |
|---|---|---|

| TYPE OF LOAN |
|---|
| RH-502 |

| STATE | KANSAS |
|---|---|
| COUNTY | NEOSHO |
| CASE NO. | 18-67-510249903 |

Date __January 10__, 19_91_.

FOR VALUE RECEIVED, the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, (herein called the "Government") at its office in _____

__GIRARD, KANSAS   66743__,

THE PRINCIPAL SUM OF __TWENTY NINE THOUSAND AND NO/100----------------------------__

DOLLARS ($ __29,000.00------------------------------__ ), plus INTEREST on the UNPAID PRINCIPAL of

__NINE--------------------__ PERCENT ( __9.0__ %) PER ANNUM.

Payment of the said Principal and Interest shall be as agreed between the Borrower and the Government using one of three alternatives as indicated below: (check one)

☐ I.   Principal and Interest payments shall be deferred. The interest accrued to _____, 19____ shall be added to the Principal. Such new Principal and later accrued Interest shall be payable in _____ regular amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of such new Principal herein $ _____ and the amount of such regular installments in the box below, when such amounts have been determined.

☐ II.   Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the _____ of each _____ beginning on _____, 19____, through _____, 19____. Principal and later accrued Interest shall be paid in _____ installments as indicated in the box below;

☒ III.   Payments shall not be deferred. Principal and Interest shall be paid in __396__ installments as indicated in the box below:

$ __230.00__ on __February 10__, 19_91_, and
$ __230.00__ thereafter on the __10th__ of each __MONTH__
until the PRINCIPAL and INTEREST are fully paid except that the FINAL INSTALLMENT of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and PAYABLE __THIRTY-THREE__ ( __33__ ) YEARS from the DATE of this NOTE. The consideration herefor shall support any agreement modifying the foregoing schedule of payments.

**EXHIBIT A**

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of such advance in the Record of Advances.

Payment of principal and interest shall be applied in accordance with FmHA accounting procedures in effect on the date of receipt of the payment. Borrower agrees to pay late charges in accordance with FmHA regulations in effect when a late charge is assessed.

Prepayments of scheduled installments, or any portion thereof, may be made at any time of the option of Borrower. Refunds and extra payments, as defined in the regulations (7CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied in accordance with FmHA regulations and accounting procedures in effect on the date of receipt of payments.

Borrower agrees that the Government at any time may assign this note. If the Government assigns the note and insures the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

If this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

CREDIT ELSEWHERE CERTIFICATION: Borrower hereby certifies that he/she is unable to obtain sufficient credit elsewhere to finance his/her actual needs at reasonable rates and terms, taking into consideration prevailing private and cooperative rates and terms in or near his/her community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

LEASE OR SALE OF PROPERTY: If the property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby is (1) leased or rented with an option to purchase, (2) leased or rented without option to purchase for a term exceeding 3 years, or (3) sold or title is otherwise conveyed, voluntarily or involuntarily, the Government may at its option declare the indebtedness evidenced hereby immediately due and payable.

REFINANCING AGREEMENT: Borrower hereby agrees to provide periodic financial information as requested by the Government. If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any comaker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

CREDIT SALE TO NONPROGRAM BORROWER: The provisions of the paragraphs entitled "Credit Elsewhere Certification," and "Refinancing Agreement" do not apply if (1) this promissory note represents in whole or part payment for property purchased from the Government and (2) the loan represented by this promissory note was made to the borrower as an nonprogram borrower under Title V of the Housing Act of 1949, as amended, and regulations promulgated thereunder.

DEFAULT: Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under this instrument and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. UPON ANY SUCH DEFAULT, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Title V of the Housing Act of 1949 and for the type of loan as is indicated in the "TYPE OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

Presentment, protest, and notice are hereby waived.

*Margaret C. Siverly* (SEAL)
MARGARET C. SIVERLY (BORROWER)

*Chester R. Siverly* (SEAL)
CHESTER R. SIVERLY (SPOUSE)

1827 S. Katy

Chanute, KS  66720

| RECORD OF ADVANCES | | | | | |
|---|---|---|---|---|---|
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
| (1) $29,000.00 | | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | | TOTAL $29,000.00 | |

☆ U.S. Government Printing Office: 1987—723-431/61516

Position 2                    FmHA 1940-16 (Rev. 8/87)

USDA-FmHA
Form FmHA 427-1 KS
(Rev. 3-90)

Position 5

**REAL ESTATE MORTGAGE FOR KANSAS**

THIS MORTGAGE is made and entered into by _____

CHESTER RUSSELL SIVERLY and MARGARET COLLEEN SIVERLY, husband and wife,

residing in _____Neosho_____ County, Kansas, whose post office address is

_____1827 South Katy, Chanute_____, Kansas __66720__,

herein called "Borrower," and the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, herein called the "Government," and

WHEREAS Borrower is indebted to the Government as evidenced by one or more promissory note(s) or assumption agreement(s) or any shared appreciation or recapture agreement, herein called "note," which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| January 10, 1991 | $29,000.00 | 9.0% | January 10, 2024 |

(The interest rate for limited resource farm ownership or limited resource operating loan(s) secured by this instrument may be increased as provided in the Farmers Home Administration regulations and the note.)

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment thereof pursuant to the Consolidated Farm and Rural Development Act, or Title V of the Housing Act of 1949 or any other statutes administered by the Farmers Home Administration;

And it is the purpose and intent of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder, this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the Government against loss under its insurance contract by reason of any default by Borrower;

And this instrument also secures the recapture of any interest credit or subsidy which may be granted to the Borrower by the Government pursuant to 42 U.S.C. §1490a or any amounts due under any Shared Appreciation Agreement/Recapture Agreement entered into pursuant to 7 U.S.C. 2001.

And this instrument also secures future advances made to anyone herein called borrower under a note or notes covering loans made or insured under the Consolidated Farm and Rural Development Act of Title V of the Housing Act of 1949 or any other statutes administered by the Farmers Home Administration, for the total principal indebtedness of the original future loans and advances subject to the same terms and conditions regarding the assignment of said notes as hereinabove provided, and all references in this instrument to the "note" shall be deemed to include future notes and advances.

NOW, THEREFORE, in consideration of the loan(s), and as security for future loans pursuant to the Consolidated Farm and Rural Development Act or Title V of the Housing Act of 1949 or any other statutes administered by the Farmers Home Administration, and (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreement herein to indemnify and save harmless the Government against loss under its insurance contract by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower does hereby mortgage, assign, and warrant to the Government the following property situated in the State of Kansas, County(ies) of

_____Neosho_____:

The South 32.5 feet of Lot Six (6), all of Lot Seven (7), Block Eight (8), Commercial Club Addition to the City of Chanute, Neosho County, Kansas.

FmHA 427-1 KS (Rev. 3-90)



EXHIBIT B

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest therein-all of which are herein called "the property";

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Government against all lawful claims and demands whatsoever except any liens, encumbrances, easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1) To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harmless the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2) To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3) If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4) Whether or not the note is insured by the Government, the Government may at any time pay any other amounts including advances for payment of prior and/or junior liens, required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5) All advances by the Government, including advances for payment of prior and/or junior liens, in addition to any advances required by the terms of the note, as described by this instrument, with interest, shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.

(6) To use the loan evidenced by the note solely for purposes authorized by the Government.

(7) To pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights, and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

(8) To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

(9) To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe; and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or, without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10) To comply with all laws, ordinances, and regulations affecting the property.

(11) To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

(12) Except as otherwise provided by the Farmers Home Administration regulations, neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13) At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14) The Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (d) release any party who is liable under the note or for the debt from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government--whether once or often--in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15) If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16) Default hereunder shall constitute default under any other real estate, or under any personal property, or other security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17) SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the parties named as Borrower die or be declared incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent, or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future laws.

(18) The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(19) Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws. Borrower hereby relinquishes, waives, and conveys all rights inchoate or consummate, of descent, dower and curtesy.

(20) If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for its sale or rental, or will otherwise make unavailable or deny said property, to anyone because of race, color, religion, sex, national origin and (b) Borrower recognizes as illegal and hereby disclaims and will not comply with or attempt to enforce any restrictive covenants on said property relating to race, color, religion, sex, or national origin.

(21) Borrower further agrees that the loan(s) secured by this instrument will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as further explained in 7 CFR Part 1940, Subpart G, Exhibit M.

(22) This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(23) Notices given hereunder shall be sent by certified mail, unless otherwise required by law, and addressed, unless and until some other address is designated in a notice so given, in the case of the Government to Farmers Home Administration at Topeka, Kansas  66683, and in the case of Borrower at the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office address shown above).

(24) If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

IN WITNESS WHEREOF, Borrower has hereunto set Borrower's hand(s) and seal(s) this __10th__ day of __January__, 19__91__.

_____Chester R. Siverly_____ (SEAL)
CHESTER RUSSELL SIVERLY

_____Margaret C. Siverly_____ (SEAL)
MARGARET COLLEEN SIVERLY

STATE OF KANSAS  } ss:
COUNTY OF __NEOSHO__

ACKNOWLEDGMENT

On this __10th__ day of __January__ A.D., 19 __91__, before me __a notary public__ (insert title of officer taking acknowledgment) personally appeared __CHESTER RUSSELL SIVERLY__ and __MARGARET COLLEEN SIVERLY__ to me known to be the identical person(s) named in and who executed the foregoing instrument and acknowledged that __they__ executed the same as __their__ voluntary act and deed.

NOTARY PUBLIC - State of Kansas
JYL E. UNREIN
My Appt. Exp. 12-28-91

_____Jyl E. Unrein_____
JYL E. UNREIN      Notary Public.

(SEAL)

My appointment expires __12/28/91__

Original Compared with Record
91-060

REGISTRATION FEE
Amt. Indebt $ 29,000.00   Fees Exempt
Paid 11th Day of Jan 19 91   No. 91-005
Leora N. Smith
Register of Deeds, Neosho County, Kansas

STATE OF KANSAS, NEOSHO COUNTY, SS
ENTERED AND FILED IN VOL 232 PAGE 743-746
Jan 11, 91 AT 11:40 O'CLOCK A.M.
Leora N. Smith
12.00      REGISTER OF DEEDS

*U.S. GPO:1990-717-014/22802